# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 29, 2024

Lyle W. Cayce
Clerk

———————

No. 23-20423
Summary Calendar

———————

Letitia Denise Rudison,

*Plaintiff—Appellee*,

*versus*

MD Anderson Cancer Center,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-543

———————————————————

Before Davis, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:

Defendant-Appellant, M.D. Anderson Cancer Center ("M.D. Anderson"), appeals the district court's order denying its Rule 12(b)(1) and 12(b)(6) motions seeking dismissal of Plaintiff's suit filed under the Age Discrimination in Employment Act ("ADEA"). Because M.D. Anderson is entitled to sovereign immunity, we REVERSE and REMAND with instructions to dismiss Plaintiff's suit.

Plaintiff-Appellee, Letitia Denise Rudison, filed a complaint against her former employer, M.D. Anderson, alleging employment discrimination

on the basis of her age under the ADEA. M.D. Anderson is a component institution of The University of Texas at Houston, which is under the management and control of the board of regents of The University of Texas System.[1] This Court has held that "public universities are entitled to sovereign immunity as arms of the state,"[2] and we have "consistently treated health institutions of the UT System . . . as instrumentalities of the State of Texas."[3]

Plaintiff does not dispute that M.D. Anderson is entitled to sovereign immunity as an arm of the state of Texas under the Eleventh Amendment, but she argues that M.D. Anderson has waived its immunity by accepting federal funds under Title IX. As M.D. Anderson points out, Plaintiff has not sued under Title IX, but under the ADEA. In *Kimel v. Florida Board of Regents*,[4] the Supreme Court held that "Congress did not validly abrogate the States' sovereign immunity to suits by private individuals" when it enacted the ADEA.[5] Moreover, we previously have determined in rejecting this identical argument in an ADEA case, that "Texas's general acceptance of federal funding does not waive its Eleventh Amendment immunity from discrimination suits."[6]

---

[1] *See* TEX. EDUC. CODE § 73.001(3) (listing The University of Texas M.D. Anderson Cancer Center as a component institution of The University of Texas at Houston).

[2] *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 257 (5th Cir. 2020) (citation omitted).

[3] *Id.* (citations omitted).

[4] 528 U.S. 62 (2000).

[5] *Id.* at 91.

[6] *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x. 391, 395 (5th Cir. 2007) (per curiam) (unpublished). Unpublished opinions issued on or

No. 23-20423

Based on the foregoing, we REVERSE and REMAND with instructions to dismiss Plaintiff's complaint for lack of subject matter jurisdiction on the basis of sovereign immunity under the Eleventh Amendment.

REVERSED and REMANDED with INSTRUCTIONS TO DISMISS.

---

after January 1, 1996, may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 (5th Cir. 2006); 5TH CIR. R. 47.5.4.